UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIJUAN GUO,<br><br>        Plaintiff,<br><br>    v.<br><br>SPROUTS FARMERS MARKET, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-08134-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 21 |

      Plaintiff Shijuan Guo sues Defendant Sprouts Farmers Market, Inc., for general negligence and premises liability. Complaint, ECF No. 1-1. She alleges that on or around August 22, 2018, she was shopping at the Sprouts store located at 3900 Mowry Avenue in Fremont, when she slipped and fell on water that was left along the aisle in front of the check-out registers. *Id.* ¶¶ 11, 12. In the parties' report on their Rule 26(f) conference, Guo states that she seeks damages of $35,000 for medical expenses as of November 2, 2020, $15,000 for future medical expenses, $450,000 for emotional distress, and $500,000 for pain, suffering and inconvenience. ECF No. 9 at 3.

      Sprouts has served three subpoenas on Kaiser Permanente, seeking "any and all" medical records concerning Guo for the ten years preceding the slip and fall. The parties are now before the Court on a discovery dispute concerning those subpoenas. ECF No. 21. Guo argues that they are overbroad and infringe on her right to privacy. She argues that her "orthopedic injury to her left knee should not give Defendant[] unfettered access to over ten years of any and all of her medical records, especially for conditions not related to her knee or low back pain." She observes that Kaiser is an HMO "that retains all of Ms. Guo's medical records regardless of what

department, injury, illness or other medical concern she may have brought." She states that "[t]he records sought could easily encompass optometry, gynecology, cardiac, orthopedic, and even mental health records." She states that "Kaiser Permanente's record-keeping often reflects every diagnosis, medical procedure, and prescription medication you have ever had while within the organization's care, regardless of whether it is related to the injury or body part in question." Guo argues that the Court should enter an order directing Kaiser to produce the medical records to Guo's counsel, who would then redact any unrelated and private medical information and provide a privilege log to Sprouts concerning those redactions.

Sprouts argues that by filing this personal injury action, Guo has put her medical history at issue. Sprouts contends that limiting the medical records it is permitted to view unfairly deprives it of relevant discovery because "Plaintiff's injuries could be related to other injuries and conditions as many of her allegations involve the entire body." Sprouts cites as an example "the jury instructions for pain, suffering, and emotional distress include[] physical pain, mental suffering, loss of enjoyment, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress." Sprouts stresses that "[t]hese records will be key especially since a large portion of any damages evaluation is reserved for pain and suffering." Sprouts argues that a protective order is an appropriate way to protect Guo's privacy, and Sprouts objects to allowing Guo's counsel to unilaterally select which records to redact.

Federal Rule of Civil Procedure 26 provides that discovery is limited to information that is relevant and proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). The Court may enter a protective order to protect a party from annoyance, embarrassment, or oppression. Fed. R. Civ. Proc. 26(c)(1). In this diversity action, the right to privacy in both the United States and California Constitutions applies. *See generally Britt v. Superior Court*, 20 Cal. 3d 844, 855-56 (1978) (discovery may be limited where disclosure chills rights under U.S. Constitution); *Williams v. Superior Court*, 3 Cal. 5th 531, 552 (2017) (under state constitution, courts must balance invasion of privacy against need for the information, while considering protective measures that would diminish the loss of privacy).

Guo's arguments make a lot of sense when it comes to the 5% of her claimed damages that

relate to medical expenses. To evaluate those damages, all you need to know about is the parts of her body that were injured in this slip and fall and whether these medical expenses are properly attributed to this injury as opposed to some other injury to those parts of her body. You don't need to know if she suffered from depression for years, or has been prescribed anti-anxiety medication, or has a long history of other medical problems, and so on. None of that is relevant to determining the expenses of treating the injury to her left knee.

However, 95% of Guo's claimed damages – amounting to $950,000 – are for emotional distress and pain and suffering. In personal injury cases, there is often a major dispute over *what caused* the plaintiff's emotional distress and suffering. These types of damages often relate to feelings of anxiety, fear, despondency, hopelessness, and so on, that can legitimately result from an injury but that do not relate to any particular body part and could have been caused by something else. If Guo testifies at trial that as a result of this knee injury she is an anxiety-ridden shut-in who has lost all joy in life, and her medical records reveal a decade of treatment for depression or a series of other debilitating injuries or conditions, the jury will have a hard time believing that all of these emotions are attributable to this knee injury. Discovery has to be broad enough to include other potential causes of Guo's emotional distress and pain and suffering.

Still, that does not mean that absolutely everything in her Kaiser medical records is discoverable. The current dispute has an abstract quality to it because neither side has seen the records at issue. At the hearing Guo's counsel stated that she has seen Kaiser records *since* the injury, but not the ones for the ten years before that the subpoenas request. And defense counsel has not seen them either, as Kaiser has not produced them. This means that Guo does not actually know what, if anything, she might want to redact in the medical records, and Sprouts does not know if it will find any of those redactions problematic. It is therefore not clear that there is or will be a dispute to resolve. At the hearing Guo's counsel did not disagree with the premise that other, unrelated medical conditions could potentially have caused emotional distress and that Sprouts or its expert might be entitled to see that evidence. She predicted that she would likely not redact very much, and cited the details of ob-gyn records as something that could be subject to redaction. She also said that if Sprouts objected to any of Guo's redactions, the parties could

likely resolve those objections in meet and confer, for example, by showing Sprouts' counsel the redacted material on Zoom. Sprouts' counsel did not voice any strong objection at the hearing to letting the other side take a stab at redactions and then meeting and conferring if Sprouts disputed any. Rather, her concern was more about the delay this might cause, in view of an upcoming October deposition and the need to complete fact discovery by mid-December. The Court agrees with Sprouts on the importance of avoiding delay.

Accordingly, the Court orders as follows:

1. Kaiser shall produce the requested medical records to Guo's counsel instead of Sprouts' counsel.

2. Guo's counsel shall promptly make any necessary redactions for privacy reasons, and shall promptly serve the medical records with redactions on Sprouts, together with a privilege log.

3. If Sprouts objects to any of the redactions, it shall meet and confer with Guo in an attempt to resolve them. Any disputes over redactions that the parties are unable to resolve through meet and confer shall be brought to the Court's attention by a joint discovery letter brief.

Finally, because this case involves medical records, the parties must have a protective order in place, and they do not have one yet. The Court therefore orders the parties to meet and confer on the form of a protective order and within seven days to file either a stipulated protective order or competing proposed protective orders together with a joint discovery letter brief setting forth their respective views. The Court reminds the parties that this District has model protective orders available on its website at https://cand.uscourts.gov/forms/model-protective-orders/ that many litigants use.

**IT IS SO ORDERED.**

Dated: September 17, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge